WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Bilyeu,<br><br>   Plaintiff,<br><br>vs.<br><br>C.B.S., et al.,<br><br>   Defendants. | No. CV 12-8150-PCT-JAT<br><br>**ORDER** |

   Pending before the Court is Defendants' Motion to Dismiss. (Doc. 7). The Court now rules on the motion.

**I. Background**

   On April 4, 2012, Plaintiff Sheila Bilyeu filed suit in Arizona, CV 12-08069-PCT-NVW ("*Bilyeu I*"), against The David Letterman Show and CBS asserting claims for libel, harassment, and intimidation. (Doc. 7 at 21). Plaintiff alleged that, each year, "David Letterman has had a pumpkin blow apart that weighed an amount that started with the digits 13." (Doc. 7 at 22). Plaintiff alleged that this pumpkin symbolizes her because her birthday is on the thirteenth and her dad used to call her pumpkin. (Doc. 7 at 22). Plaintiff claimed that these actions by David Letterman constitute harassment and intimidation, which have made her an object of ridicule and damaged her reputation. (Doc. 7 at 22). After failing to comply with the Court's Order to state a plausible claim for relief, the Court dismissed Plaintiff's action with prejudice under Federal Rules of Civil Procedure 12(b)(6) and 41(b). (Doc. 7 at

1  25-26).

2  On July 30, 2012, Plaintiff filed a new complaint against CBS and David Letterman[1]
3  alleging violations of 18 U.S.C. § 241 (Conspiracy against rights) arising from the same
4  events described in *Bilyeu I*. (Doc. 1 at 2). On October 4, 2012, Defendants filed a Motion
5  to Dismiss for failure to state a claim, lack of personal jurisdiction, and lack of subject-matter
6  jurisdiction based on *res judicata*. (Doc. 7 at 1; Doc. 10 at 3). Plaintiff's Response to the
7  Motion to Dismiss does not rebut Defendants' claims. (Doc. 8). Additionally, Plaintiff filed
8  a Motion to Amend Complaint alleging harassment, libel, and "conspiracy to oppress and
9  harass and other victimizations." (Doc. 8 at 1).

10 **II. Discussion**

11 The Court finds that Plaintiff's claim is barred by *res judicata*. Defendants' arguments
12 for failure to state a claim and lack of personal jurisdiction are therefore denied as moot.
13 Plaintiff's Motion to Amend is denied as futile.

14 **A. *Res Judicata***

15 The doctrine of *res judicata* protects "litigants from the burden of relitigating an
16 identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane*
17 *Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The court bars a claim where there is an
18 identity of claims, a final judgment on the merits, and privity between parties. *See Mpoyo v.*
19 *Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). An identity of claims exists
20 if the two actions arise out of the same transactional nucleus of facts. *Burlington N. Santa Fe*
21 *R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 770 (9th Cir.2003). *Res judicata* "bar[s]
22 all grounds for recovery which could have been asserted, whether they were or not, in a prior
23 suit between the same parties . . . on the same cause of action." *Constantini v. Trans World*
24 *Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th
25 Cir. 1980)).

---

27  [1] Although Plaintiff names "C.B.S." and the "David Letterman Show" as Defendants,
28 Defendants' true names are "CBS Broadcasting Inc." and "Worldwide Pants Incorporated," respectively. (Doc. 10 at 1).

*Res judicata* is generally jurisdictional; therefore the motion to dismiss is properly made under Federal Rule of Civil Procedure 12(b)(1). *See Lande v. Billings Hospitality, Inc.*, 2008 WL 4180002, *1 (D. Mont. 2008). The Court may take evidence on a Rule 12(b)(1) motion without converting the motion to a Rule 56 motion. *See U.S. v. Oregon*, 2011 WL 2531208, *2, *5 (D. Or. 2011). Therefore, the Court has not converted the motion.

Defendants argue that Plaintiff's previous lawsuit in this Court raised the same issues she is now attempting to raise again, and her claims are therefore barred under *res judicata*. Plaintiff does not dispute that this lawsuit raises the same issues as in *Bilyeu I*. She argues solely that "a different statute is being used." (Doc. 1 at 2). Because her claim could have been asserted in the prior suit, notwithstanding that Plaintiff is attempting to use a criminal statute, the claim is barred by *res judicata* if there was a final judgment on the merits. The Court in *Bilyeu I* dismissed Plaintiff's complaint with prejudice and ruled that "[t]his Order dismissing Plaintiff's case constitutes an adjudication on the merits." (Doc. 7 at 26). Thus, the dismissal in *Bilyeu I* constituted a final judgment on the merits, and Plaintiff's claim is barred by *res judicata*.

**B. Motion to Amend**

The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of: (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also United States v. SmithKline Beecham*, 245 F.3d 1048, 1052 (9th Cir. 2001); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991); *Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, Inc.*, 818 F.2d. 1466, 1472 (9th Cir. 1987); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir. 1987). A proposed amendment is futile when no set of facts can be proven under the amendment that would establish a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also DCD Programs, LTD v. Leighton*,

1  833 F.2d 183, 186 (9th Cir. 1987) (stating that an amendment should be liberally granted
2  where from the underlying facts or circumstances, the moving party may be able to state a
3  claim).

4  Plaintiff argues in her Motion to Amend Complaint that, in addition to 18 U.S.C. §
5  241, Defendants are also guilty of harassment, libel, and "conspiracy to oppress and harass
6  and other victimizations." (Doc. 8 at 1). Plaintiff alleged harassment and libel in *Bilyeu I*, and
7  those claims were dismissed. Thus, those claims, if realleged here, would be barred by *res*
8  *judicata*. Similarly, because Plaintiff's claim for "conspiracy to oppress and harass and other
9  victimizations" could have been brought in the prior suit, it would be barred by *res judicata*.
10  Because Plaintiff's proposed amendments would not prevent her claims from being
11  dismissed, her Motion to Amend is futile and is therefore denied.

12  **III. Conclusion**

13  Based on the foregoing,

14  **IT IS ORDERED** that Defendants' Motion to Dismiss is granted based on *res*
15  *judicata* and denied in all other respects as moot. (Doc. 7).

16  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend Complaint.
17  (Doc. 9).

18  **IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment of
19  dismissal with prejudice.

20  DATED this 6th day of November, 2012.

James A. Teilborg
United States District Judge