WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheila Bilyeu, ) | No. CV 12-8150-PCT-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| C.B.S., et al., ) | |
| Defendants. ) | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 7). The Court now rules on the motion.

**I. Background**

On April 4, 2012, Plaintiff Sheila Bilyeu filed suit in Arizona, CV 12-08069-PCT-NVW ("*Bilyeu I*"), against The David Letterman Show and CBS asserting claims for libel, harassment, and intimidation. (Doc. 7 at 21). Plaintiff alleged that, each year, "David Letterman has had a pumpkin blow apart that weighed an amount that started with the digits 13." (Doc. 7 at 22). Plaintiff alleged that this pumpkin symbolizes her because her birthday is on the thirteenth and her dad used to call her pumpkin. (Doc. 7 at 22). Plaintiff claimed that these actions by David Letterman constitute harassment and intimidation, which have made her an object of ridicule and damaged her reputation. (Doc. 7 at 22). After failing to comply with the Court's Order to state a plausible claim for relief, the Court dismissed Plaintiff's action with prejudice under Federal Rules of Civil Procedure 12(b)(6) and 41(b). (Doc. 7 at

1  25-26).

2  On July 30, 2012, Plaintiff filed a new complaint against CBS and David Letterman[1]
3  alleging violations of 18 U.S.C. § 241 (Conspiracy against rights) arising from the same
4  events described in *Bilyeu I*. (Doc. 1 at 2). On October 4, 2012, Defendants filed a Motion
5  to Dismiss for failure to state a claim, lack of personal jurisdiction, and lack of subject-matter
6  jurisdiction based on *res judicata*. (Doc. 7 at 1; Doc. 10 at 3). Plaintiff's Response to the
7  Motion to Dismiss does not rebut Defendants' claims. (Doc. 8). Additionally, Plaintiff filed
8  a Motion to Amend Complaint alleging harassment, libel, and "conspiracy to oppress and
9  harass and other victimizations." (Doc. 8 at 1).

10 **II. Discussion**

11  The Court finds that Plaintiff's claim is barred by *res judicata*. Defendants' arguments
12 for failure to state a claim and lack of personal jurisdiction are therefore denied as moot.
13 Plaintiff's Motion to Amend is denied as futile.

14  **A. *Res Judicata***

15  The doctrine of *res judicata* protects "litigants from the burden of relitigating an
16 identical issue" and promotes "judicial economy by preventing needless litigation." *Parklane*
17 *Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). The court bars a claim where there is an
18 identity of claims, a final judgment on the merits, and privity between parties. *See Mpoyo v.*
19 *Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). An identity of claims exists
20 if the two actions arise out of the same transactional nucleus of facts. *Burlington N. Santa Fe*
21 *R.R. v. Assiniboine & Sioux Tribes*, 323 F.3d 767, 770 (9th Cir.2003). *Res judicata* "bar[s]
22 all grounds for recovery which could have been asserted, whether they were or not, in a prior
23 suit between the same parties . . . on the same cause of action." *Constantini v. Trans World*
24 *Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (quoting *Ross v. IBEW*, 634 F.2d 453, 457 (9th
25 Cir. 1980)).

---

27 [1]Although Plaintiff names "C.B.S." and the "David Letterman Show" as Defendants,
28 Defendants' true names are "CBS Broadcasting Inc."and "Worldwide Pants Incorporated," respectively. (Doc. 10 at 1).

1  *Res judicata* is generally jurisdictional; therefore the motion to dismiss is properly
2  made under Federal Rule of Civil Procedure 12(b)(1). *See Lande v. Billings Hospitality, Inc.*,
3  2008 WL 4180002, *1 (D. Mont. 2008). The Court may take evidence on a Rule 12(b)(1)
4  motion without converting the motion to a Rule 56 motion. *See U.S. v. Oregon*, 2011 WL
5  2531208, *2, *5 (D. Or. 2011). Therefore, the Court has not converted the motion.

6  Defendants argue that Plaintiff's previous lawsuit in this Court raised the same issues
7  she is now attempting to raise again, and her claims are therefore barred under *res judicata*.
8  Plaintiff does not dispute that this lawsuit raises the same issues as in *Bilyeu I*. She argues
9  solely that "a different statute is being used." (Doc. 1 at 2). Because her claim could have
10 been asserted in the prior suit, notwithstanding that Plaintiff is attempting to use a criminal
11 statute, the claim is barred by *res judicata* if there was a final judgment on the merits. The
12 Court in *Bilyeu I* dismissed Plaintiff's complaint with prejudice and ruled that "[t]his Order
13 dismissing Plaintiff's case constitutes an adjudication on the merits." (Doc. 7 at 26). Thus,
14 the dismissal in *Bilyeu I* constituted a final judgment on the merits, and Plaintiff's claim is
15 barred by *res judicata*.

### B. Motion to Amend

17 The United States Supreme Court has established that motions to amend should be
18 granted unless the district court determines that there has been a showing of:
19 (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated
20 failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing
21 party; or (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962);
22 *see also United States v. SmithKline Beecham*, 245 F.3d 1048, 1052 (9th Cir. 2001); *Texaco,*
23 *Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*,
24 951 F.2d 200, 204 (9th Cir. 1991); *Cal. Architectural Bldg. Prods. v. Franciscan Ceramics,*
25 *Inc.*, 818 F.2d. 1466, 1472 (9th Cir. 1987); *Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir.
26 1987). A proposed amendment is futile when no set of facts can be proven under the
27 amendment that would establish a valid and sufficient claim or defense. *Miller v. Rykoff-*
28 *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also DCD Programs, LTD v. Leighton*,

- 3 -

833 F.2d 183, 186 (9th Cir. 1987) (stating that an amendment should be liberally granted where from the underlying facts or circumstances, the moving party may be able to state a claim).

Plaintiff argues in her Motion to Amend Complaint that, in addition to 18 U.S.C. § 241, Defendants are also guilty of harassment, libel, and "conspiracy to oppress and harass and other victimizations." (Doc. 8 at 1). Plaintiff alleged harassment and libel in *Bilyeu I*, and those claims were dismissed. Thus, those claims, if realleged here, would be barred by *res judicata*. Similarly, because Plaintiff's claim for "conspiracy to oppress and harass and other victimizations" could have been brought in the prior suit, it would be barred by *res judicata*. Because Plaintiff's proposed amendments would not prevent her claims from being dismissed, her Motion to Amend is futile and is therefore denied.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Dismiss is granted based on *res judicata* and denied in all other respects as moot. (Doc. 7).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend Complaint. (Doc. 9).

**IT IS FINALLY ORDERED** that the Clerk of the Court shall enter judgment of dismissal with prejudice.

DATED this 6th day of November, 2012.

James A. Teilborg
United States District Judge

- 4 -